Mary E. McPherson, Esq., SBN 177194
TRESSLER LLP
2 Park Plaza, Suite 1050
Irvine, California 92614
Telephone: (949) 336-1200
Fax: (949) 752-0645
mmcpherson@tresslerllp.com

Attorneys for Plaintiff
QBE SPECIALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| QBE SPECIALTY INSURANCE COMPANY, a North Dakota corporation,<br><br>           Plaintiff,<br><br>v.<br><br>PK MANAGEMENT, LLC, a Delaware limited liability company,<br><br>           Defendant. | Case No.<br><br>**QBE SPECIALTY INSURANCE COMPANY'S COMPLAINT FOR:**<br>**(1) Declaratory Relief – Duty to Defend**<br>**(2) Declaratory Relief – Duty to Indemnify**<br>**(3) Reimbursement of Defense Amounts under the QBE Policy**<br>**(4) For Reimbursement of Indemnity Amounts Under the QBE Policy** |

Plaintiff QBE Specialty Insurance Company ("QBE") alleges as follows:

QBE brings this action to obtain a declaration that it has no coverage obligation to defend or indemnify PK Management, LLC ("PK Management") under insurance policy number EASX101224, for the period of May 31, 2017 to May 31, 2018 (the "QBE Policy"), for the actions entitled: (1) *Smith v. Central Park Investors, Inc. et al*, No. 2018-CV-000106 (District Court of Wyandotte County, Kansas) ("Smith Lawsuit"); (2) *Riley et al v. PK Management, LLC et al,* No. 2018-CV-000284 (District Court of Wyandotte County, Kansas) ("Riley Lawsuit"); and (3) *Akers v.*

*Central Park Investors, Inc. et al,* No. 2018-CV-000225 (District Court of Wyandotte County, Kansas) ("Akers Lawsuit"). (The Smith Lawsuit, Riley Lawsuit and Akers Lawsuit are collectively referred to as the "Underlying Lawsuits".) QBE also seeks reimbursement of defense fees and costs pursuant to *Buss v. Superior Court (Transamerica Ins. Co.)*, 16 Cal. 4th 35 (1997) and of any indemnity amounts it pays in settlement or judgment pursuant to *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal. 4th 589 (2001).

### PARTIES

1.      QBE is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of North Dakota with its principal place of business in the State of New York, and qualified to conduct business in California.

2.      QBE is informed and believes and, upon the basis of such information and belief, alleges that defendant PK Management is a limited liability company incorporated in the State of Delaware with its principal place of business in the State of California. *See* Exhibit A, November 28, 2016 LLC Statement of Information and Exhibit B, August 30, 2018 LLC Statement of No Change.

3.      QBE is informed and believes and, upon the basis of such information and belief, alleges that PK Management's sole member is Ms. Jenee McClain-Bankhead, an individual who is currently domiciled in the state of Ohio. *See* Exhibit A, November 28, 2016 LLC Statement of Information and Exhibit B, August 30, 2018 LLC Statement of No Change.

### JURISDICTION AND VENUE

4.      This is an action for declaratory relief under the Declaratory Judgment Act, pursuant to 28 U.S.C. §§ 2201 and 2202.

5.      Jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs, because, as set forth herein, the plaintiffs in the Underlying Lawsuits seek damages in excess

1  of $75,000.  Infra, ¶¶ 14, 25 and 31. As set forth below, there is an actual controversy
2  between the parties.

3        6.    Venue is proper under 28 U.S.C. § 1391(a) because PK Management is
4  subject to personal jurisdiction in this judicial district, PK Management does business
5  in this judicial district, and QBE seeks a declaration of the parties' rights and
6  obligations in the QBE Policy, which was issued to PK Management in Los Angeles
7  County.

8        7.    This action is filed in the Western Division of the United States District
9  Court for the Central District of California in compliance with Central District of
10  California General Order 349.

11  **FACTUAL ALLEGATIONS**

12  **The Underlying Lawsuits**

13  **a. The Smith Lawsuit**

14        8.    QBE is informed and believes, and on that basis alleges on or about June
15  19, 2018, Berlinder Smith ("Smith") filed a complaint against multiple defendants,
16  including PK Management.  Attached as Exhibit C is a true and correct copy of the
17  complaint filed in the Smith Lawsuit.

18        9.    QBE is informed and believes, and on that basis alleges, that Smith
19  alleges that she presently resides in a residential complex called "Central Park
20  Towers", which is located at 15 North 10th Street, Kansas City, Kansas 66102
21  ("Premises").

22       10.    QBE is informed and believes, and on that basis alleges, that Smith
23  alleges the Premises is a twelve-story high rise building consisting of 195 units,
24  which is a 100% Project Based Section 8 property for the disabled and/or elderly.

25       11.    QBE is informed and believes, and on that basis alleges, that Smith
26  alleges PK Management participated in the approval or denial of measures which
27  either delayed or rejected the implementation of adequate safety measures and
28  pollution controls at Premises.

12.     QBE is informed and believes, and on that basis alleges, that Smith alleges that she rented an apartment at the Premises with a defectively constructed stove, which caused burns to Smith's wrists, thighs, left knee and abdomen in June 2017.

13.     QBE is informed and believes, and on that basis alleges, that Smith alleges she has suffered injury due to the presence of mold and bed bugs at the Premises.

14.     QBE is informed and believes, and on that basis alleges, Smith filed a complaint against various defendants, including PK Management, alleging causes of action for: common law negligence, negligence based on *res ipsa loquitor*, breach of warranty of habitability, and negligence related to the defendants' failure to prevent water leakage, rodents, and insects.

15.     QBE is informed and believes, and on that basis alleges, that based on the allegations of the Smith Lawsuit, Smith seeks damages in excess of $75,000. Specifically, Smith seeks damages for: trauma and injury to her body; past, present and future pain, discomfort and suffering; chronic pain; past, present and future loss of income, earning capacity, benefits, insurance coverage, and the ability to work and/or pursue employment; diminution of quality and enjoyment of life; and past medical and health care expenses which total two-hundred seventy-five thousand dollars ($275,000).  *See*, Exhibit C at pages 14, 15, 18 and 19.

**b. The Riley Lawsuit**

16.     QBE is informed and believes, and on that basis alleges on or about June 6, 2018, Leora Riley, Carolyn Bell and Terri Ozburn, individually and on behalf of all other similarly situated, filed a putative class action complaint against multiple defendants, including PK Management.  Attached as Exhibit D is a true and correct copy of the complaint filed in the Riley Lawsuit.

17.     QBE is informed and believes, and on that basis alleges, that Leora Riley, Carolyn Bell and Terri Ozburn allege that they presently reside at the Premises

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

and that they seek to represent primarily disabled persons, low-income singles, and senior or elderly individuals in a class action lawsuit against various defendants, including PK Management, for numerous infestations at the Premises.

18.　QBE is informed and believes, and on that basis alleges, that the Riley Lawsuit alleges the Premises is suffering from infestations of bed bugs, mice and cockroaches.

19.　QBE is informed and believes, and on that basis alleges, that the Riley Lawsuit alleges residents in the Premises have suffered injuries related to bed bug bites.

20.　QBE is informed and believes, and on that basis alleges, that the Riley Lawsuit alleges PK Management was responsible for the day-to-day management of the Premises until October 29, 2015.

21.　QBE is informed and believes, and on that basis alleges, that the Riley Lawsuit alleges that each of the class members signed a lease with the defendants, including PK Management, which included with it an implied and/or express warranty of habitability and an express promise to exterminate the building as needed.

22.　QBE is informed and believes, and on that basis alleges, that the Riley Lawsuit alleges that the defendants, including PK Management, knew of infestations of bed bugs, mice and other insects since at least 2002.

23.　QBE is informed and believes, and on that basis alleges, that the Riley Lawsuit alleges that eviction claims were filed against Leora Riley, Carolyn Bell, and Terri Ozburn, but that these eviction claims were eventually dismissed.

24.　QBE is informed and believes, and on that basis alleges, that the Riley Lawsuit seeks to represent "[a]ll persons who have lived in the Complex at any time on or after January 26, 2013."

25.　QBE is informed and believes, and on that basis alleges, that based on their allegations, the Riley Lawsuit has asserted claims against PK Management for

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

the following causes of action: implied warranty of habitability; breach of statutory duty to materially comply with lease and to provide habitable housing (K.S.A. 50-2559(b)); failure to provide essential services (K.S.A. 58-2563); breach of contract; unjust enrichment; and nuisance.

26.     QBE is informed and believes, and on that basis alleges, that based on these allegations and causes of action, the Riley Lawsuit seeks damages in excess of $75,000.  Specifically, the proposed class seeks all rent they paid to the various defendants during the class period, which, upon information and belief, totals $8,014,500.00.  Further, the proposed class in the Riley Lawsuit asks for damage in the amount of one and a half time all of the rent paid to the various defendants during the class period, which totals $12,021,750.00. *See*, Exhibit D at p. 23.

**c. The Akers Lawsuit**

27.     QBE is informed and believes, and on that basis alleges on or about July 19, 2018, Mary Akers ("Akers") filed a complaint against multiple defendants, including PK Management.  Attached as Exhibit E is a true and correct copy of the complaint filed in the Akers Lawsuit.

28.     QBE is informed and believes, and on that basis alleges, that Akers alleges PK Management participated in the approval or denial of measures which either delayed or rejected the implementation of adequate safety measures and pollution controls at the Premises.

29.     QBE is informed and believes, and on that basis alleges, that Akers alleges that the Premises had defective or inadequate lighting, which resulted in Akers slipping at the Premises, and caused injury to Akers' hip.

30.     QBE is informed and believes, and on that basis alleges, that Akers alleges she has suffered injury due to the presence of mold and bed bugs at the Premises.

31.     QBE is informed and believes, and on that basis alleges, that based on their allegations, Akers filed a complaint against various defendants, including PK

6

Management, alleging causes of action for: common law negligence, breach of warranty of habitability, breach of duty – failure to prevent water leakage and the proliferation of mold and insects and rodents, and breach of duty to materially comply with lease and to provide habitable housing.

32.    QBE is informed and believes, and on that basis alleges, that based on the allegations of the Akers Lawsuit, Akers seeks damages in excess of $75,000. Specifically, Akers seeks the following damages: (1) an amount in excess of $75,000.00 for her negligence claim; (2) an amount in excess of $75,000.00 for her breach of warranty of habitability claim; (3) an amount in excess of $75,000.00 for her breach of duty to prevent water leakage, mold, insects and rodents claim; and (4) an amount in excess of $75,000.00 for her breach of duty to materially comply with lease and failure to provide habitable housing claim.  *See*, Exhibit E at pages 10, 12, 14 and 16.

### The Insurance Policy

33.    QBE issued policy number EASX101224 to GHC Housing, LLC ("GHC") in Sherman Oaks, California for the period of May 31, 2017 to May 31, 2018 (the "QBE Policy").  PK Management contends that it is entitled to coverage under the QBE Policy.  Attached as Exhibit F is a true and correct copy of the QBE Policy.

34.    The QBE Policy provides liability insurance coverage to GHC under a "Commercial General Liability Coverage Form" (Form CG 00 01 04 13) to GHC Housing, LLC ("GHC").  The QBE Policy contains the following relevant provisions regarding QBE's duty to defend and indemnify:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. …

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.    Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. …

35.    The QBE Policy is subject to the Limitation of Coverage to Designated Premises or Project Endorsement, written under CG 21 44 07 98, which provides as follows:

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

    **1.** The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

    **2.** The project shown in the schedule.

36.    The Limitation of Coverage to Designated Premises or Project schedule provides as follows:

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

**SCHEDULE**

| **Premises:** |
| --- |
| Per schedule on file with company. |
| **Project:** |
| |

37.    The operative "Schedule" on file with QBE is attached as Exhibit G to this complaint.  Although PK Management is listed, the schedule does not list the Premises, or its 195 units, as a scheduled location.

38.    The Policy is subject to the following definitions:

**1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.  For purposes of this definition:

    a.  Notices that are published include material placed on the internet or on similar electronic means of communication; and

    b.  Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

\* \* \*

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.** False arrest, detention or imprisonment;

    **b.** Malicious prosecution;

    **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.** The use of another's advertising idea in your "advertisement"; or

    **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\* \* \*

**17.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

10

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

**PK Management's Tender and QBE's Acceptance of Defense Under a**

**Reservation of Rights**

39.     QBE is informed and believes, and on that basis alleges, that PK Management tendered the defense of the Underlying Lawsuits to QBE under the QBE Policy.

40.     QBE retained counsel to defend PK Management in the Underlying Lawsuits pursuant to a reservation of rights, including but not limited to its rights under *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal. 4th 643 (2005), *Buss v. Superior Court*, 16 Cal. 4th 35 (1997), and *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal. 4th 489 (2001) to seek reimbursement of defense fees and costs and indemnity amounts for non-covered claims and damages.  A copy of QBE's Reservation of Rights letters with respect to the Underlying Lawsuits are collectively attached hereto as Exhibit H.

41.     QBE now files this action for declaratory relief and reimbursement on the basis that the claims in the Underlying Lawsuits never raised the potential for coverage.

**FIRST CLAIM FOR RELIEF**

**(For Declaratory Relief Regarding the**

**Duty to Defend Under the QBE Policy)**

42.     QBE hereby incorporates and re-alleges the prior allegations in this complaint as if fully set forth herein.

43.     QBE has no duty to defend PK Management in the Underlying Lawsuits under the terms of the QBE Policy.

44.     PK Management contends that QBE has a duty to defend it in the Underlying Lawsuits under the QBE Policy.  As Limitation of Coverage to Designated Premises or Project Endorsement provides that the Policy only applies to "bodily injury", "property damage" or "personal and advertising injury" that arises

11

out of "[t]he ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises." The premises at issue in the Underlying Lawsuits – "Central Park Towers" or 15 North 10th Street, Kansas City, Kansas 66102 – is not shown on the schedule.

45. An actual controversy has now arisen and exists between QBE on the one hand, and PK Management on the other hand, concerning whether QBE has a duty to defend PK Management in the Underlying Lawsuits under the QBE Policy.

46. Pursuant to the terms of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties and to give such other relief as may be necessary to enforce the same.

47. QBE seeks a judicial declaration that it has no duty to defend PK Management in the Underlying Lawsuits under the terms of the QBE Policy because the Limitation of Coverage to Designated Premises or Project Endorsement limits coverage to only those properties that are listed on the schedule with QBE, and the Premises is not listed in the operative schedule.

48. By seeking a declaration that QBE is entitled to defense costs associated with the Underlying Lawsuits because QBE has no duty to defend PK Management pursuant the Limitation of Coverage to Designated Premises or Project Endorsement, QBE is not waiving, and shall not be estopped, from raising other coverage defenses under the Policy, common law and equity which may also limit or preclude QBE's duty to defend. *See*, Exhibit F and Exhibit H.

## SECOND CLAIM FOR RELIEF

### (For Declaratory Relief Regarding the
### Duty to Indemnify Under the QBE Policy)

49. QBE hereby incorporates and re-alleges the prior allegations in this complaint as if fully set forth herein.

50.     QBE has no duty to indemnify PK Management in the Underlying Lawsuits under the terms of the QBE Policy because the Limitation of Coverage to Designated Premises or Project Endorsement provides that the Policy only applies to "bodily injury", "property damage" or "personal and advertising injury" that arises out of "[t]he ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises." The premises at issue in the Underlying Lawsuits – "Central Park Towers" or 15 North 10th Street, Kansas City, Kansas 66102 – is not shown on the schedule.

51.     PK Management contends that QBE has a duty to indemnify it in the Underlying Lawsuits under the QBE Policy.

52.     An actual controversy has now arisen and exists between QBE on the one hand, and PK Management on the other hand, concerning whether QBE has a duty to indemnify PK Management in the Underlying Lawsuits under the QBE Policy.

53.      Pursuant to the terms of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties and to give such other relief as may be necessary to enforce the same.

54.     QBE seeks a judicial declaration that it has no duty to indemnify PK Management in the Underlying Lawsuits under the terms of the QBE Policy because the Limitation of Coverage to Designated Premises or Project Endorsement limits coverage to only those properties that are listed on the schedule with QBE, and the Premises is not listed in the operative schedule.

55.     By seeking a declaration that QBE has no duty to indemnify PK Management in the Underlying Lawsuits pursuant to the Limitation of Coverage to Designated Premises or Project Endorsement, QBE is not waiving, and shall not be estopped, from raising other coverage defenses either under the Policy, common law

or equity, which may also limit or preclude QBE's duty to indemnify.  *See*, Exhibit F and Exhibit H.

### THIRD CLAIM FOR RELIEF

### (For Reimbursement of Defense Costs and Expenses)

56.    QBE hereby incorporates and re-alleges the prior allegations in this complaint as if fully set forth herein.

57.    In agreeing to defend PK Management in the Underlying Lawsuits, QBE reserved the right to seek reimbursement from PK Management for defense fees, costs, indemnity, and all other sums paid in the Underlying Lawsuits that are not covered under the QBE Policy.

58.    QBE is informed and believes and thereon alleges that all defense fees and costs paid or to be paid to or on behalf of PK Management for defense of the Underlying Lawsuits were and are for the defense of claims that never raised the potential for coverage.

59.    By and through this Third Claim for Relief, and pursuant to *Buss v. Superior Court (Transamerica Ins. Co.)*, 16 Cal. 4th 35 (1997), QBE seeks reimbursement from PK Management for the defense fees and costs paid to or on behalf of PK Management in the claims asserted in the Underlying Lawsuits for which there is no duty to defend under the QBE Policy.

60.    QBE is informed and believes and thereon alleges that the amount of defense fees and costs reimbursable to it will exceed $75,000 and will be proven at the time of trial.

61.    By seeking a declaration that QBE is entitled to defense costs associated with the Underlying Lawsuits because QBE has no duty to defend PK Management pursuant the Limitation of Coverage to Designated Premises or Project Endorsement, QBE is not waiving, and shall not be estopped, from raising other coverage defenses under the Policy, common law and equity which may also limit or preclude QBE's duty to defend.  *See*, Exhibit F and Exhibit H.

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

**FOURTH CLAIM FOR RELIEF**

**(For Reimbursement of Indemnity Amounts Under the QBE Policy)**

62.     QBE hereby incorporates and re-alleges the prior allegations in this complaint as if fully set forth herein.

63.     In agreeing to defend PK Management in the Underlying Lawsuits, QBE reserved the right to seek reimbursement from PK Management for defense fees, costs, indemnity, and all other sums paid in the Underlying Lawsuits that are not covered under the QBE Policy.

64.     QBE is informed and believes and thereon alleges that all indemnity amounts paid or to be paid to or on behalf of PK Management were and are for the settlement of, or judgment for, claims that are not covered under the QBE Policy.

65.     By and through this Fourth Claim for Relief, and pursuant to *Blue Ridge Ins. Co. v. Jacobsen,* 25 Cal. 4th 589 (2001), QBE seeks reimbursement from PK Management for indemnity amounts paid to or on behalf of PK Management in the claims asserted in the Underlying Lawsuits for which there is no duty to indemnify under the QBE Policy.

66.     By seeking a declaration that QBE is entitled to indemnity costs associated with the Underlying Lawsuits because QBE has no duty to indemnify PK Management pursuant the Limitation of Coverage to Designated Premises or Project Endorsement, QBE is not waiving, and shall not be estopped, from raising other coverage defenses, under the Policy, common law and equity which may also limit or preclude QBE's duty to indemnify.  *See*, Exhibit F and Exhibit H.

**PRAYER FOR RELIEF**

WHEREFORE, QBE prays for judgment against PK Management as follows:

1.     That the court determine, decree, and adjudge that QBE has no duty to defend PK Management under the QBE Policy in the Underlying Lawsuits;

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

2.  That the court determine, decree, and adjudge that QBE has no duty to indemnify PK Management under the QBE Policy in the Underlying Lawsuits;

3.  An award of damages according to proof, representing the amount that PK Management must reimburse QBE for the defense fees and costs it paid to or on behalf of PK Management under the QBE Policy for the defense of claims in the Underlying Lawsuits that never raised the potential for coverage.

4.  For attorneys' fees and costs

5.  For costs of suit incurred herein; and;

6.  For such other and further relief as the Court deems fit and proper under the circumstances and evidence.

Dated:  June 19, 2019                    TRESSLER LLP


                                         By:   /s/ Mary E. McPherson
                                               Mary E. McPherson

                                         Attorneys for Plaintiff
                                         QBE SPECIALTY INSURANCE
                                         COMPANY

#4829-3830-4152

---

16

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT